## *In re* HUTCHINGS' WILL.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

WILLS—CONTEST—INFIRM WITNESS—IMBECILITY—EXAMINATION.

Where an order for the examination of an infirm witness in probate proceedings merely authorizes the surrogate's assistant to take his testimony, and also that of any others who may be produced to testify as to his mental capacity, the imbecility and mental incapacity of such witness is no ground for vacating the order; for the question of capacity may be determined by the surrogate when the evidence is offered in the proceeding in which it is taken, there being nothing in the order allowing the assistant to determine it.

Appeal from surrogate's court, New York county.

Proceeding for the probate of the will of Charlotte M. Hutchings. On motion of the contestants, Jessie A. Barlow and George W. Brown, it was ordered that "E. T. Underhill, Esq., assistant to the surrogate, be, and he is hereby, appointed to take the testimony of Jacob S. Hutchings as a witness on this ·proceeding at the residence of said Hutchings, * * * on such day or days as the said referee may appoint." The proponent moved to vacate this order on the ground that said Hutchings was not a fit or proper person to be examined, or to have his deposition taken, because of his imbecility and lack of mental capacity. The surrogate denied this motion, but amended the order by adding thereto: "And that upon said hearing testimony may be taken from such other witnesses as either party may produce as to the mental capacity of said witness, to the end that, upon the trial of this proceeding, such testimony may be introduced with the like effect as if orally given·upon said trial." The proponent appeals, and complains that the order as amended allows the surrogate's assistant to determine the question of the competency of the proposed witness, whereas it is the duty of the surrogate himself to determine the question, by an examination of the witness before or on the trial, and of such other witnesses as might be produced.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*McClay & Forrest,* for appellant. *Everett D. Barlow, (Amasa A. Redfield,* of counsel,) for respondent.

PER CURIAM. We see no reason for interfering with the order of the surrogate for any of the reasons urged by the counsel for the appellant. If there is any question in regard to the mental capacity of the witness whose testimony is to be taken, that question can be determined by the surrogate when such evidence is offered to be read before him in the proceeding in which it is taken; and there is nothing in the order which in any way allows the surrogate's assistant to determine the question of the competency of the proposed witness. He is only authorized to ·take the testimony of the witness. Whether such testimony is of any value is a question which must be determined by the facts appearing before the surrogate upon the trial or hearing of the proceeding. The order should be affirmed, with $10 costs and disbursements.